[No. 11496.  Department One.  December 31, 1913.]

WILLIAM KELLY, *Respondent*, v. NAVY YARD ROUTE,
*Appellant*.[1]

CARRIERS—INJURY TO PASSENGERS—ASSAULT BY FELLOW PASSEN-
GERS—DUTY OF PROTECTION—QUESTION FOR JURY. Whether a steam-
ship company exercised the highest degree of care demanded by the
circumstances to protect a passenger from the renewal of an assault
by a drunken fellow passenger, and whether it had reasonable
grounds to anticipate a recurrence of the assault and took effective
means to guard against it, are questions for the jury, where plain-
tiff was brutally assaulted without provocation, by a powerful and
dangerous drunken passenger, and the steward, after stopping the
first assault, induced the assailant to go to another room telling a
fireman to keep an eye on those concerned, there being no one pres-
ent to prevent a renewal of the assault about 10 minutes later.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS—CARRIERS. In
an action by a passenger for the renewal of an assault by a drunken
fellow passenger, an instruction that the master on board ship must
protect passengers, and is considered as committing that which he
does not prevent, while erroneous standing alone, is not prejudicial
when read in connection with other instructions to the effect that
the jury must find notice of the character of the assailant, and
reason to anticipate a renewal of the assault.

SAME. Instructions having no relevancy to the issues and so
glaringly inapplicable to the facts that the jury could not have been
misled are not prejudicial.

CARRIERS — ASSAULT BY FELLOW PASSENGER — EXCESSIVE VERDICT.
A verdict for $1,000 for an assault upon a passenger, who was badly
beaten up and suffered partial loss of hearing, coupled with humili-
ation and loss of time, is not excessive.

Appeal from a judgment of the superior court for King
county, Pendergast, J., entered April 11, 1913, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion by a passenger assaulted by a fellow passenger on de-
fendant's boat.  Affirmed.

*Ira Bronson*, for appellant.

*Marion A. Butler* and *Robert H. Lindsay*, for respondent.

[1]Reported in 137 Pac. 444.

CHADWICK, J.—On the night of March 30, 1912, plaintiff took passage upon a boat belonging to the defendant enroute to his home in the city of Bremerton.  On the way, he was assaulted and beaten by a fellow passenger named Moore.  Another joined in the assault.  The assault was without provocation or excuse.  It was the act of a brutal and vicious man somewhat under the influence of liquor.  As soon as it became known, the steward of the boat having in charge the lower deck—the assault occurred in the smoking room, a compartment about forty feet long—rushed to the assistance of the plaintiff.  The steward was himself knocked down by Moore.  Finally he induced Moore to go back into a card room, and plaintiff to go to another seat in the forward part of the compartment.  Believing he had the aggressor quieted, and after telling one of the firemen to keep an eye on those concerned, the steward went on about his work.  In about ten minutes, Moore came out of the smoking room and walked rapidly forward to the place where plaintiff was sitting, and again, and without provocation or excuse, struck and beat plaintiff in a most inhuman manner.  Moore was a man of unusual size and strength, with the reputation among some of the passengers of being a dangerous man, and he seems to have so terrorized those present that no protection was given plaintiff by the passengers.  The steward was called after the second assault and again stopped Moore and rendered plaintiff such assistance as seemed needful at the time.  Plaintiff brought this action to recover compensation for his injuries; and from a verdict and judgment for $1,000, defendant has appealed.

The right to recover is based upon the second assault.  It is contended that the evidence does not sustain the verdict; that it is affirmatively shown that defendant did all that it might have done to protect plaintiff and that it had no reason to anticipate the second assault.

A carrier is bound to exercise the highest degree of care demanded by the surrounding circumstances in protecting its

passengers, and is answerable for the unlawful conduct of a fellow passenger if, upon consideration of all the facts and circumstances, it could, or might, by the exercise of such diligence as the occasion demanded, have prevented an assault or injury at the hands of a fellow passenger. A passenger, from the time he enters his vehicle, has the right to claim the protection of the carrier from the insults and violence of others, and it is a duty the carrier owes to the passengers, when the circumstances known to it are such as to create a reasonable apprehension of disorderly conduct, to be vigilant and prompt to suppress it when it occurs and to prevent its repetition. Hutchinson, Carriers (3d ed.) §§ 980, 981.

Whether defendant exercised that degree of diligence demanded under the circumstances, and whether it had reasonable grounds to anticipate a recurrence of the assault, and whether it should have taken more effective means to guard against it, are deductions from the facts proper to be left to the jury.

The following instruction is complained of:

"The master has his duties and obligations to perform, for a breach of which he is responsible. Among his duties is that of enforcing his authority to protect both passengers and seamen from maltreatment while on board his ship. He is armed with absolute authority and corresponding responsibility. He has such authority and a like duty to protect the crew from the brutality of the officers. What he permits he justly is considered to commit, and he permits that which he does not by prompt exercise of his authority prevent."

Standing alone, this instruction would undoubtedly be called erroneous, for it practically tells the jury that, if the assault occurred, the defendant is liable, whereas, the rule is as hereinbefore stated; but the court called the particular attention of the jury to the real fact in issue, that is, that in order to warrant a recovery the jury must find that defendant had notice of the character of Moore and reason to believe that he would renew the assault. The instruction, when

considered with the instructions taken as a whole, will not be held to be prejudicial.

. Other instructions are complained of. It is asserted that they have no relevancy to the issue, and are prejudicial. That they have no relevancy to the issue, may be admitted, but they are so glaringly inapplicable to the facts of the case and to the theory of either side that we are unwilling to say that the jury either considered them or might have been misled by them.

Finally, it is contended that the verdict is excessive. The jury awarded the sum of $1,000. Plaintiff was pretty badly beaten up. It is insisted that one of the elements of his claimed damages, namely, partial loss of hearing, is not in any degree sustained. Plaintiff was before the court and jury, and we feel that we would be unwarranted in disturbing the verdict and the judgment of the trial judge, who passed on the extent of his injuries when ruling upon the motion for a new trial. The verdict is substantial. It may be larger than any of us would have been willing to return, if we had been jurors. Passion and prejudice are not to be inferred from the mere size of the verdict. Where the injury is such that it affects only the earning capacity of the party, so that compensation can be in some degree measured, this court has sometimes made conditional reduction of judgments. Plaintiff suffered injuries which were severe at the time, and we are not prepared to say that the amount of compensation allowed for his injuries, when coupled with damages for humiliation and loss of time, is excessive.

Affirmed.

CROW, C. J., MAIN, ELLIS, and GOSE, JJ., concur.