Alex ARNOLD, Plaintiff–Appellant,

v.

AMTRAK, a District of Columbia corporation, a/k/a National Railroad Passenger Corp., Defendant–Appellee.

No. 99–36232.

D.C. No. CV–98–05476–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2001.

Decided June 27, 2001.

Before B. FLETCHER, BRUNETTI, and FISHER, Circuit Judges.

## MEMORANDUM *

Plaintiff-appellant, Alex Arnold, was twelve years old in 1987 when he was traveling unaccompanied on an Amtrak passenger train pursuant to a free pass provided to him by his step-mother, an Amtrak employee. Arnold claims that he was raped by another passenger on the train. As a result of the attack, Arnold claims he suffers severe emotional and psychological injuries. He did not discover the causal connection between the attack and his injuries until January of 1998. Soon thereafter, Arnold brought an action for negligence in federal court against Amtrak. Arnold timely appeals the district court's grant of summary judgment to Amtrak, which was predicated on a finding that Arnold's claim is barred by the statute of limitations. The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Our jurisdiction is pursuant to 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo, *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000), and viewing the facts in the record in a light most favorable to the plaintiff, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we hold that the district court erred in finding Arnold's claim barred by the statute of limitations. Furthermore, we find no alternative basis for affirming the district court. We therefore reverse the district court's grant of summary judgment and remand.

## BACKGROUND

On September 1, 1987, the plaintiff-appellant, Alex Arnold, twelve years old, travelled unaccompanied and unsupervised on an Amtrak passenger train between Spokane and Los Angeles.[1] Arnold lived

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. The Amtrak policy on minor travelers permitted children between the ages of 8 and 11 years to travel alone but under specified conditions, including: 1. travel must take place during daylight hours; 2. travel must be on trains only, with no use of thruway buses; 3. no transfers of any type are permitted; 4. the station of origin must be staffed by Amtrak personnel at the time of boarding, as must the destination station at time of detraining; 5. the child must be interviewed by the station agent, or higher authority, at the boarding station to determine the child's maturity and understanding of train travel; 6. at the boarding station a station employee must personally escort the child to the side of the train, and turn the child over to a member of the train crew; and 7. at the destination station a sta-

in Idaho with his mother and had traveled to Los Angeles to visit his father. According to Arnold, during his return trip to Idaho, he was raped by another passenger in a train bathroom. Following the assault, Arnold remained in the bathroom for the duration of the journey. He did not report the incident to anyone on the train. According to Arnold, he never fully discussed the incident with anyone until he was hospitalized in Bremerton, Washington in 1998 following a suicide attempt.

Arnold experienced emotional and psychological problems as a teenager and continues to experience related problems as an adult. Eleven years after the assault, Arnold brought this civil suit against Amtrak in the Western District of Washington based upon diversity jurisdiction. Arnold claimed breach of contract[2] and negligence as the bases of his action against Amtrak. Following discovery, Amtrak moved for summary judgment on three grounds: (1) the statute of limitations is a bar to the suit; (2) there is no genuine issue of material fact that Amtrak breached a duty owed Arnold; and (3) Arnold waived liability pursuant to the Rail Travel Privilege Card used to obtain the free tickets under which Arnold was traveling at the time.

The district court granted Amtrak's motion for summary judgment based only upon the affirmative defense that the claim was barred by the statute of limitations.

## DISCUSSION

### I. Statute of Limitations

Arnold brought this action against Amtrak almost eleven years after the incident and more than six years after Arnold turned eighteen. Washington state's general three-year statute of limitations, Re-

vised Code of Washington ("RCW") 4.16.080, bars Arnold's claim against Amtrak unless it is preserved by the statutory discovery rule applicable to claims based on child sexual abuse, RCW 4.16.340. The statute states in relevant part:

Actions based on childhood sexual abuse. (1) All claims or causes of action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within the later of the following periods:

(a) Within three years of the act alleged to have caused the injury or condition;

(b) Within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act; or

(c) Within three years of the time the victim discovered that the act caused the injury for which the claim is brought:

PROVIDED, That the time limit for commencement of an action under this section is tolled for a child until the child reaches the age of eighteen years.

The district court concluded that RCW 4.16.340 did not preserve Arnold's negligence claim for two reasons. First, the district court stated that Arnold's case was not within the ambit of RCW 4.16.340 because Arnold "has admitted he has never forgotten what happened to him; he has no amnesia or repressed memory." Second, the district court held that Arnold had made no "showing that Amtrak had a special relationship with [Arnold] to trigger coverage by RCW 4.16.340." Both state-

---

tion employee must be on the platform before the train arrives and meet the child at trainside. Anyone over the age of 11 could travel alone without restriction.

**2.** The breach of contract claim was not discussed in the district court's final order granting summary judgment and the plaintiff did not raise the issue on appeal. We therefore deem the issue waived.

ments by the district court are in conflict with the plain language of RCW 4.16.340, its legislative history, and Washington state case law interpreting the statute.

## A. Discovery Rule

■ The district court's first basis for rejecting the applicability of RCW 4.16.340 is that Arnold has never forgotten the sexual assault. However, RCW 4.16.340 applies not only in cases involving repressed memories, but also in cases involving delayed discovery of the causal connection between the remembered assault and the injury. Under the statute, "the limitations period only begins to run .... on the date the victim discovers the nexus between th[e] act and the claimed injury..." *Oostra v. Holstine,* 86 Wash.App. 536, 937 P.2d 195, 198 (Wash.Ct.App.1997). The statute was passed in part because "[t]he victim of childhood sexual abuse may be unable to understand or ... [connect] ... childhood sexual abuse [to] emotional harm or damage until many years after the abuse occurs." *Id.* (quoting the legislative history of the statute). Because Arnold might never have forgotten the assault, and yet nevertheless not connected it to his injury until years later, the district court's stated reason for rejecting the applicability of RCW 4.16.340 was error.

In contrast to the approach of the district court, the appropriate focus of the statute's discovery rule in this case is to determine the date upon which Arnold became aware of the nexus between the injury he is claiming to suffer and the sexual assault. Arnold avers that this date is January of 1998 when he was hospitalized after a suicide attempt. It was then, Arnold contends, that he realized that the numerous problems he had experienced were the result of the 1987 sexual assault.

Because Arnold commenced this action within three years of this discovery date, his claim is preserved by RCW 4.16.340.

## B. Third Party Claims

The second reason stated by the district court in its refusal to apply RCW 4.16.340 relates to the applicability of the statute to claims brought by victims against third parties (i.e. against someone other than the perpetrator of the sexual assault). The court stated that "there is [no] showing that Amtrak had a special relationship with Plaintiff to trigger coverage by RCW 4.16.340 ... The passenger who allegedly molested Plaintiff was not an Amtrak employee, so there was no vicarious liability."

The district court's position is at odds with the Washington State Supreme Court's interpretation of RCW 4.16.340. In *C.J.C. v. Corp. of the Catholic Bishop of Yakima,* 138 Wash.2d 699, 713–14, 985 P.2d 262 (1999) (en banc), the court stated explicitly that the special discovery rule applies to actions brought against third parties. The Washington court held: "In giving effect to all the words used in the statute, and from our determination of legislative intent, we conclude RCW 4.16.340 encompasses causes of action sounding in negligence against parties who did not themselves directly perpetrate acts of childhood sexual abuse, but who allegedly failed to protect child victims or to otherwise prevent the abuse." *Id.* Arnold's claim is that Amtrak breached its duty of care to protect him while on board the train. The Washington State Supreme Court has already clearly indicated that this type of claim falls within the purview of the sexual abuse statute of limitations.[3]

The district court noted the decision in *C.J.C.* but attempted to distinguish the

---

**3.** We therefore deny Arnold's motion to certify the question to the Washington State Supreme Court.

case by stating that Amtrak was not vicariously liable for the torts of other passengers. This statement is in error because vicarious liability is not relevant to the question of Amtrak's duty to protect its passengers. As discussed more extensively below, under Washington law, a common carrier has a duty to protect passengers from harm by third parties because the common carrier and passenger relationship is considered a "special relationship" requiring the highest degree of care. *See Hutchins v. 1001 Fourth Ave. Assoc.*, 116 Wash.2d 217, 228, 802 P.2d 1360 (Wash.1991) (en banc); *Niece v. Elmview Group Home*, 79 Wash.App. 660, 664, 904 P.2d 784 (1995); *Lauritzen v. Lauritzen*, 74 Wash.App. 432, 429–440, 874 P.2d 861 (Ct.App.Wash.1994).

Arnold's claim is not barred by the statute of limitations.

## II. Alternative Bases for Summary Judgment

Although the district court's order granting Amtrak's motion for summary judgment dealt only with the affirmative defense of the statute of limitations, there were two other grounds in Amtrak's summary judgment papers. On appeal, Amtrak urges this court to consider these grounds as alternative bases for affirming the district court's grant of summary judgment.[4] Because we may affirm the district court on any ground reasonably supported in the record, *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1157 (9th Cir.2000), we address the remaining issues below.

### A. No Genuine Issue of Breach of Duty of Care

In its summary judgment papers, Amtrak argued that Arnold failed to raise a genuine issue of fact as to whether Amtrak breached the applicable standard of care.[5] On appeal, Amtrak reiterates this claim.

Generally under Washington law, there is no duty to prevent a third party from causing physical injury to another, unless a "special relationship" exists between the defendant .... and the foreseeable victim of the third party's conduct. *Petersen v. State*, 100 Wash.2d 421, 426, 671 P.2d 230 (Wash.1983) (citing Restatement (Second) of Torts § 315 (1965)). Common carriers are in such a special relationship with passengers and are required to guard against harm caused by others. *Hutchins,* 116 Wash.2d at 228, 802 P.2d 1360. The Washington Supreme Court described this duty in *Kelly v. Navy Yard Route,* 77 Wash. 148, 149–50, 137 P. 444 (Wash.1913):

> A carrier is bound to exercise the highest degree of care *demanded by the surrounding circumstances* in protecting its passengers, and is answerable for the unlawful conduct of a fellow passenger, if, *upon consideration of all the facts and circumstances,* it could, or might by the exercise of such diligence as the occasion demanded, have prevented an assault or injury at the hands of a fellow passenger. A passenger from the time he enters his vehicle has the right to claim the protection of the carrier from the insults and violence of others,

---

4. Amtrak suggests that because Arnold did not address these issues in his opening brief, we should consider them waived and should affirm on that basis alone. This claim lacks merit. Amtrak discussed the issues in its brief and they are addressed by Arnold in his reply brief. Even if an issue is not raised by an appellant in an opening brief, we may consider the issue if it was raised by the

appellee in its brief. *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990).

5. The essential elements of a negligence action are (1) the existence of a duty to plaintiff; (2) breach of that duty; (3) resulting injury; and (4) proximate cause between the breach and the injury. *Christen v. Lee,* 113 Wash.2d 479, 488, 780 P.2d 1307 (Wash.1989).

and it is a duty the carrier owes to the passenger, when the circumstances known to it are such as to create a reasonable apprehension of disorderly conduct, to be vigilant and prompt to suppress it when it occurs, and to prevent its repetition.

(emphasis added). Undoubtedly, Amtrak owed a heightened duty to protect Arnold from harm by another passenger.

Amtrak urges, however, that Arnold has failed to make any showing of breach of this duty. Amtrak emphasizes that a breach of the duty articulated in *Kelly* requires some knowledge on the common carrier's part of the possibility of danger.

We agree with Amtrak's reading of *Kelly* but find that the record, viewed in a light most favorable to Arnold, contains allegations creating a genuine issue of material fact sufficient to defeat summary judgment. For example, Arnold proffers facts establishing the following "surrounding circumstances," *Kelly*, 77 Wash. at 149, 137 P. 444, from which a jury might reasonably conclude that Amtrak breached its heightened duty of care: Arnold was only twelve years old and was traveling alone on a passenger train; he was missing from his seat for an extended period of time; he remained in a locked bathroom for several hours; and he was forcibly raped by a passenger in a train bathroom. These facts are sufficient to create a genuine issue of material fact as to whether Amtrak breached its heightened duty of care.

At oral argument, counsel for Amtrak responded to this issue by arguing only that Amtrak's policy for unaccompanied minors is reasonable and that Arnold has offered no evidence to the contrary. This misses the point. Regardless of the reasonableness or lack of reasonableness of the unaccompanied minor travel policy, breach of a common carrier's duty of care depends on the specific circumstances known to the common carrier at the time of the injury-causing event. While the existence of the unaccompanied minor policy (and the reasons for Amtrak's adoption of that policy) might be evidence of Amtrak's reasonableness under the circumstances, it is not a dispositive factor. "Whether defendant exercised that degree of diligence demanded under the circumstances, and whether it had reasonable grounds to anticipate [the harm-causing incident], and whether it should have taken more effective means to guard against it, are deductions from the facts proper to be left to the jury." *Kelly*, 77 Wash. at 150, 137 P. 444.

Because the record contains genuine issues of material fact regarding the question of whether Amtrak breached its heightened duty of care, we refuse to find this an alternative basis upon which to affirm the district court.

### B. Waiver of Liability

Finally, Amtrak argued in its motion for summary judgment that the ticket on which Arnold was traveling provided for a complete waiver of liability on Amtrak's behalf.

█ It appears undisputed that Arnold was traveling on a free pass that expressly stated: "The user of free or reduced rate transportation expressly assumes all risk of personal injury or death, loss or damage to property and delay in connection with this transportation and relieves Amtrak or its agents from all liability therefor." In response to the motion for summary judgment and on appeal, Arnold argues that this is not a proper basis for summary judgment because the free pass was provided to him by his step-mother and, he argues, the waiver is therefore not applicable to him because parents cannot release a minor child's claim or potential cause of action without prior court approval. *Scott v. Pacific West Mountain Resort*, 119

Wash.2d 484, 492–495, 834 P.2d 6 (Wash. 1992) (en banc) (holding that under Washington law parents do not have legal authority to waive a child's own future causes of action for personal injuries resulting from a third party's negligence). We agree that the holding and reasoning of *Scott* controls.

## CONCLUSION

For the reasons stated above, we find that Arnold's claim is not barred by the statute of limitations and that neither of the other grounds for summary judgment supports affirmance of the district court's decision. We therefore REVERSE and REMAND for trial.

REVERSED and REMANDED.